Patrick M. Metz, Esq. Attorney I.D. No.: #005961992
DARIO, ALBERT, METZ & EYERMAN, LLC
345 Union Street
Hackensack, NJ 07601
(201) 968-5800
OMAR SULLIVAN
File No.: 201879

| | |
|---|---|
| OMAR SULLIVAN,<br><br>              Plaintiff,<br><br>v.<br><br>ESSEX COUNTY, ESSEX COUNTY SHERIFF'S OFFICE, ESSEX COUNTY SHERIFF'S OFFICER TIMOTHY R. PENTIMONE, individually, STEVEN SYLVESTER, DOE I-X and ABC CORP. I-X,<br><br>              Defendants. | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br><br>CIVIL ACTION NO.<br><br>CIVIL ACTION<br><br>COMPLAINT AND JURY DEMAND |

AND NOW comes the Plaintiff, **OMAR SULLIVAN** by and through his attorneys, Dario, Albert, Metz, Eyerman, Canda, Concannon, Ortiz & Krouse and demands of the Defendants, jointly and severally, damages for loss sustained, plus interest, costs and damages for prejudgment delay upon the causes of action set forth in the following:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C.A. §1983 and 42 U.S.C.A. §1985.

2. Original jurisdiction of this action is conferred pursuant to 28 U.S.C.A. §1331 and §1343.

3. Venue of this matter is properly laid in this Court pursuant to 28 U.S.C.A. §1391 (b) as a result of the Defendants residing in and a substantial part of the events or omissions giving rise to the claims set forth herein having occurred in this judicial district.

## PARTIES AND RELATED ENTITIES

4. The Plaintiff incorporates by reference the paragraphs above as if set forth herein in full.

5. Plaintiff, **OMAR SULLIVAN** (hereinafter "**PLAINTIFF**"), is an adult individual with a primary residence located at 82 Maolis Avenue, Bloomfield, N.J. 07003.

6. **KIM BRANCH** (hereinafter "Kim Branch"), at all material times relevant hereto was an employee of the State of New Jersey Superior Court of New Jersey, Essex Vicinage, with a place of business located at Veterans' Courthouse, 50 West Market Street, Newark, N.J. 07102. Her job title was and is Court Service Supervisor II and she was responsible for the issuance and maintenance of arrest warrants, including but not limited to, the vacating of same.

7. Defendant, **ESSEX COUNTY** (hereinafter "**ESSEX COUNTY**"), is a county of the First Class and a political subdivision of the State of New Jersey and has a registered office for process of service located at 465 Martin Luther King, Jr. Boulevard, Newark, N.J. 07102. At all material times relevant hereto **ESSEX COUNTY** assumes the risks and liabilities for constitutional violations against individuals committed by its law enforcement and prosecutorial arms/entities. This includes responsibilities for ensuring that systems, fail safes and protocols are in place to insure that improper warrants are vacated and acted by and through its duly authorized employees, agents, workers and/or representatives acting within the scope of their employment. All causes are levied against it in its municipal capacity. Upon information and belief, Defendant, **ESSEX COUNTY SHERIFF'S OFFICE** (hereinafter "**SHERIFF'S OFFICE**") is and was the sole law enforcement arm/entity of **ESSEX COUNTY**.

8. Defendant, **TIMOTHY R. PENTIMONE** (hereinafter "**PENTIMONE**"), is an adult individual and was at all material times relevant hereto was an employee, agent, servant of the **SHERIFF'S OFFICE** and acting under the color of state and/or local law. At all material times relevant hereto he served as a sheriff's officer with a place of business located at 50 West Market Street, Newark, N.J. 07102. He was at all material times relevant hereto responsible for the vacating of improper arrest warrants. All causes of action are advanced against him in his individual and official capacity.

9. At all material times relevant hereto the Defendant, **STEVEN A. SYLVESTER**, (hereinafter "**SYLVESTER**") whose last known address is 22 Whittier Place, Newark N.J. 07114, stole Plaintiff's identification and fraudulently produced it as his own to East Orange Police officers during his arrest on January 3, 2007.

10. At all relevant times herein Defendants, **JOHN DOE I-**X and **ABC CORP. I-X**, are as yet unknown and unidentified suspects, municipal, county or state officials, supervisors, agents, officers, employees, entities or subdivisions of entities responsible for the wrongful arrest and incarceration of **PLAINTIFF**. All causes of action are levied against them as entities and/or individuals.

## NATURE OF ACTION

11. **PLAINTIFF** incorporates by reference the paragraphs above as if set forth herein in full.

12. **PLAINTIFF** is a citizen resident of the State of New Jersey and of the United States of America.

13. Starting on January 27, 2014, **PLAINTIFF** was falsely arrested and incarcerated until February 23, 2014, by virtue of a wrongful identification and improper arrest warrant that was not vacated by Kim Branch and **PENTIMONE**.

14. **PLAINTIFF** institutes this action for compensatory and punitive damages arising out of the unlawful actions and conduct of all Defendants who, acting under color of local, state and federal law and under authority, custom and usage of all Defendants, violated the civil rights of **PLAINTIFF** protected by and secured under the Fourth and Fourteenth Amendments to the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, Sec. 1983, *et seq.*

15. **PLAINTIFF** also seeks relief for violation of his constitutional rights under the New Jersey Civil Rights Acts, 10 N.J.S.A. 6-1, *et seq*.

## STATEMENT OF CLAIM

16. **PLAINTIFF** incorporates by reference the paragraphs above as if set forth herein in full.

17. **PLAINTIFF** herein, by his attorneys, DARIO, ALBERT, METZ, EYERMAN, CANDA, CONCANNON, ORTIZ & KROUSE, files this lawsuit against Defendants. In support, Plaintiff avers:

## FACTUAL ALLEGATIONS

18. **PLAINTIFF** incorporates by reference the paragraphs above as if set forth herein in full.

19. On or about, January 27, 2014, **PLAINTIFF** was pulled over in Atlanta, Georgia pursuant to an erroneous outstanding warrant from the **SHERIFF'S OFFICE** regarding an incorrect charge levied against him by virtue of a traffic stop on or about January 3, 2007, in East Orange, New Jersey.

20. Investigation subsequently revealed that **SYLVESTER** stole and produced the **PLAINTIFF'S** identification during the January 3, 2007, traffic stop.

21. The City of Newark instigated and investigated the January 3, 2007, traffic stop of **SYLVESTER** who produced **PLAINTIFF'S** stolen identification.

22. Upon information and belief, the stolen identification produced by **SYLVESTER** at the stop included **PLAINTIFF's** picture driver's license.

23. On or about January 8, 2007, the **ESSEX COUNTY** swore out a Complaint No. 0706-S-2007-000098 against **PLAINTIFF** on gun and drug charges within a school zone.

24. In April of 2008, **PLAINTIFF** became aware that **SYLVESTER** had produced his identification at the January 3, 2007, traffic stop, which led to a warrant for the **PLAINTIFF'S** arrest as no

one appeared in Court to answer the charges. Upon information and belief, **PLAINTIFF** became aware of the failure to appear by virtue of a notice from Essex County Superior Court.

25. On or about April 30, 2008, **PLAINTIFF** met with Kim Branch, the Court Service Supervisor for the Superior Court of New Jersey, Essex Vicinage, to explain that his identity had been stolen, which led to the warrant for his arrest. After confirming that information, including a finger-print comparison that he was not the subject of the traffic stop on January 3, 2007, she issued an explanatory "Safe Passage Letter" exonerating him of any wrongdoing.

26. Upon information and belief, immediately thereafter the Honorable Denise A. Cobham, J.S.C. ordered Kim Branch to vacate said warrant.

27. Subsequently, Kim Branch issued a "print card" instructing **PENTIMONE,** as a "classifier" to vacate the warrant for **PLAINTIFF'S** arrest. At that time, Kim never followed-up with **PENTIMONE** to ensure that the warrant had been vacated. Said warrant was never vacated.

28. Upon information and belief, the **SHERIFF'S OFFICE**, through custom and practice, had no safeguards, fail safes, protocols or protective measures to ensure that the print card and classifier system is followed correctly, and that invalid warrants are vacated.

29. Upon information and belief, on or about January 27, 2014, after reviewing the "Safe Passage Letter" produced by **PLAINTIFF,** the Atlanta Georgia Police Department contacted the **SHERIFF'S OFFICE** and Kim Branch inquiring as to the warrant. Upon information and belief, they were told the warrant was still active and that they wanted him extradited back to New Jersey.

30. On or about January 27, 2014, Valerie Murphy, **PLAINTIFF'S** mother, contacted the Atlanta Georgia Police Department, the **SHERIFF'S OFFICE,** the Prosecutor's Office, and Kim Branch advising them of the situation and imploring them to correct the injustice. At this point, the **SHERIFF'S OFFICE** and Kim Branch became aware that **PLAINTIFF** was being deprived of his civil rights under the Fourth and Fourteenth Amendments.

31. On or about January 29, 2014, Valerie Murphy was able to schedule a meeting with Kim Branch at her offices in Newark. After arriving on time and waiting for over two (2) hours, she was turned away and told that she would not see her because the matter was "out of her hands."

32. On or about January 31, 2014, **PLAINTIFF** posted bail in Georgia but was not released as he was still the subject of the improper warrant and was to be extradited to New Jersey.

33. On or about February 9, 2014, **PLAINTIFF** was shackled in a van with other prisoners during his extradition to New Jersey.

34. The extradition trip encompassed traveling through no less than ten (10) States from Georgia to Tennessee, to South and North Carolina, through West Virginia into Kentucky, Ohio,

Maryland, Pennsylvania, and finally, to Newark, New Jersey. This odyssey occurred during raging ice storms. The van did not have any windows to look outside.

35. During the trip, two drivers rotated so the van was constantly traveling. Other than bathroom breaks, they stopped once per day and were given a McDonalds hamburger and a bottled water. That was the extent of the sustenance provided.

36. During one particular virulent ice storm at night, **PLAINTIFF** felt the van drifting off the road striking the "rumble strips" on the side of the road meant to inform the driver they were leaving the roadway.

37. Being shackled in the back of the van and not being able to see outside, **PLAINTIFF** was struck with abject terror that the van would crash and that he would be trapped inside. This scenario repeated itself at least a dozen times that night.

38. On or about February 12, 2014, **PLAINTIFF** arrived at the Essex County New Jersey Correctional Facility.

39. Despite again producing the "Safe Passage Letter", **PLAINTIFF** remained incarcerated another nine (9) days until he was given a court date the afternoon of February 21, 2014.

40. During the hearing the Assistant Prosecutor for the Prosecutor's Office stood up and finally admitted that they had the wrong man and dropped the charges. The Court immediately ordered that **PLAINTIFF** be released by midnight that night. Despite this Order, **PLAINTIFF** was not released from the Essex County Correctional Facility until Sunday morning February 23, 2014, 1 and 1/2 days later.

41. In total, **PLAINTIFF** was wrongfully incarcerated and deprived of his civil rights for twenty-eight days (28) days.

42. During those 28 days, **PLAINTIFF** lost his job in Atlanta Georgia at a Public Storage facility due to his inability to report for work.

43. During those 28 days **PLAINTIFF** lost his six (6) month old Shiatzu "Jada" as he was unable to return to his apartment and care for her. He did not find out about her demise until after he was finally released.

## COUNT I
### (VIOLATION OF CIVIL RIGHTS BY OFFICIAL CUSTOM AND PRACTICE)

**I.**

44. **PLAINTIFF** repeats and re-alleges each and every allegation contained in the paragraphs and incorporates same by reference.

45. At all relevant times therein, **PENTIMONE** was acting in his individual capacity as

an employee, agent, servant of the **SHERIFF'S OFFICE** under color of law under the state and federal Constitutions, statutes, laws, charters, ordinances, rules, regulations, customs, usage and practices of the subject governmental departments, agencies and within the scope of his authority as supervisor, employee and/or officer of his respective department(s).

46. At all relevant times herein, with deliberate indifference to the known and obvious consequences, **PENTIMONE** was acting under color of law in exercising control over **PLAINTIFF** by virtue of an erroneous arrest warrant and failure to vacate same depriving **PLAINTIFF** of his constitutional rights under the Fourth and Fourteenth Amendments.

47. At all relevant times therein, **PENTIMONE** was acting as a classifier for the **SHERIFF'S OFFICE** responsible for accepting the print card from Kim Branch and actually vacating the erroneous warrant.

48. At all relevant times therein, **PENTIMONE,** with deliberate indifference to the known and obvious consequences**,** was acting under an official custom and practice of the **SHERIFF'S OFFICE** of not having safeguards, fail safes, protocols, or protective measures to ensure the print card to classifier system was followed to vacate erroneous warrants. This custom and practice was so widespread and well-settled that it constituted a standard operating procedure and had the force of law.

49. At all relevant times therein**, PENTIMONE** was acting with deliberate indifference to the known and obvious consequences and with conscious and unreasonable disregard of the constitutional rights of **PLAINTIFF,** failed to follow the directives as a classifier and vacate the erroneous warrant.

50. At all relevant times therein, **PENTIMONE** had actual and constructive notice that the custom and practice of not having said safeguards, fail safes, protocols or protective measures could lead to a constitutional tort against **PLAINTIFF** by causing his arrest, incarceration and extradition to New Jersey.

51. At all relevant times herein defendants, **JOHN DOE I-X** and **ABC CORP. I-X** are as yet unknown and unidentified suspects, municipal, county or state officials, supervisors, agents, officers, employees, entities or subdivisions of entities responsible for the wrongful arrest, and incarceration and extradition to New Jersey of **PLAINTIFF**.

52. At all relevant times herein, as a result of the deliberate, indifferent and unreasonable actions of all defendants, **PLAINTIFF** was caused to suffer a violation of his civil rights protected by and secured under the Fourth and Fourteenth Amendments to the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, Sec. 1983, *et seq.*

53. By reason of the foregoing, and as a direct and proximate result of all Defendants' constitutional violations, **PLAINTIFF** was caused to suffer severe, painful, and permanent personal injuries, emotional anguish and great physical pain.

54. By reason of the foregoing, **PLAINTIFF**, has suffered pecuniary losses and has been compelled to expend and incur various sums of money for medical expenses.

**WHEREFORE, PLAINTIFF** demands judgment against defendants, **ESSEX COUNTY, ESSEX COUNTY SHERIFF'S OFFICE, PENTIMONE, SYLVESTER, JOHN DOE I-X** and **ABC CORP. I-X** jointly and severally for compensatory damages, medical and legal bills, together with interest and costs of suit and attorney's fees and such other and further relief as the Court deems just and appropriate.

## COUNT II
### (Negligent Hiring/Training//Supervision)

55. **PLAINTIFF** repeats and realleges the foregoing paragraphs of the Complaint as if same were fully set forth at length herein.

56. Defendant, **ESSEX COUNTY** through their **SHERIFF'S OFFICE**, was responsible for the recruiting, hiring, training, retention, and ongoing supervision of its sheriff's officers including **PENTIMONE**. This included, but was not limited to, sheriff's officers acting as classifiers to vacate erroneous warrants.

57. The **SHERIFF'S OFFICE** had a duty to properly ascertain its employees' fitness to become sheriff's officers before they were hired but failed to do so.

58. The **SHERIFF'S OFFICE** had a duty to properly train the officers in its employ to ensure they did not violate the constitutional rights of citizens, including **PLAINTIFF** but failed to do so.

59. The **SHERIFF'S OFFICE** failed to properly determine the fitness of **PENTIMONE** and **JOHN DOES I-X**, to be hired as sheriff's officers of the **SHERIFF'S OFFICE** and **ESSEX COUNTY** and failed to properly train **PENTIMONE** to ensure he would not violate the civil rights of its citizens, such as **PLAINTIFF**

60. The **SHERIFF'S OFFICE**, in the exercise of due diligence should have known that **PENTIMONE** was not fit for duty and that the inappropriate, unlawful and tortuous conduct by him, and **JOHN DOES I-X**, was likely to occur.

61. **PLAINTIFF** avers and believes that, upon obtaining discovery, these Defendants

will be identified and shown to have failed in their duties and acted with deliberate disregard for their responsibilities to adequately supervise and/or train sheriff officers, including the named Defendant, in following the print card to classifier system to ensure that erroneous warrants are vacated.

62. Plaintiff avers that discovery will show **ESSEX COUNTY**, through it's the **SHERIFF'S OFFICE** had a de facto policy of allowing its sheriff's officers to operate unfettered without supervision in acting as classifiers to ensure erroneous warrants were vacated. This failure led to a violation of **PLAINTIFF'S** civil rights under the Fourth and Fourteenth Amendments.

63. **ESSEX COUNTY'S** and its **SHERIFF'S OFFICE** failure to properly train its sheriff's officers, including but not limited to **PENTIMONE** and to determine and monitor their continued fitness for duty to serve as classifiers, despite actual and/or constructive knowledge that they were not fit to be classifiers, amounted to gross negligence, deliberate indifference, or reckless misconduct which directly caused and was the moving force behind the deprivations suffered by **PLAINTIFF**. As a direct and proximate result of Defendants' conduct and abuse of authority detailed above, **PLAINTIFF** sustained the damages hereinbefore alleged.

64. At all relevant times herein defendants, **JOHN DOE I-X** and **ABC CORP. I-X** are as yet unknown and unidentified suspects, municipal, county or state officials, supervisors, agents, officers, employees, entities or subdivisions of entities responsible for the wrongful arrest, and incarceration and extradition to New Jersey of **PLAINTIFF**.

65. At all relevant times herein, as a result of the deliberate, indifferent and unreasonable actions of all defendants, **PLAINTIFF** was caused to suffer a violation of his civil rights protected by and secured under the Fourth and Fourteenth Amendments to the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, Sec. 1983, *et seq*.

66. By reason of the foregoing, and as a direct and proximate result of all Defendants' constitutional violations, **PLAINTIFF** was caused to suffer severe, painful, and permanent personal injuries, emotional anguish, and great physical pain.

67. By reason of the foregoing, **PLAINTIFF**, has suffered pecuniary losses and has been compelled to expend and incur various sums of money for medical expenses.

WHEREFORE, **PLAINTIFF** demands judgment against defendants, **ESSEX COUNTY, ESSEX COUNTY SHERIFF'S OFFICE, PENTIMONE, SYLVESTER, JOHN DOE I-X** and **ABC CORP. I-X** jointly and severally for compensatory damages, medical and legal bills, together with interest and costs of suit and attorney's fees and such other and further relief as the District Court deems just.

## COUNT III
### (NEW JERSEY CIVIL RIGHTS ACT)

68. **PLAINTIFF** repeats and re-alleges each and every allegation contained in the above paragraphs and incorporates same by reference.

69. **ESSEX COUNTY, SHERIFF'S OFFICE** and **PENTIMONE** through their agents, servants and employees including **JOHN DOE I-X** and **ABC CORP. I-X,** by their deliberate indifference to the civil rights of **PLAINTIFF** as previously detailed, deprived **PLAINTIFF** of his rights, privileges and immunities secured under Title 10 of the New Jersey State Constitution. More specifically, including but not limited to the above defendants failing to vacate the improper warrant directly leading to **PLAINTIFF'S** unlawful incarceration and extradition to New Jersey.

70. **ESSEX COUNTY, SHERIFF'S OFFICE** and **PENTIMONE** through their agents, servants and employees including **JOHN DOE I-X** and **ABC CORP. I-X** with deliberate indifference to the known and obvious consequence as previously detailed, acted pursuant to official or unofficial police protocol and/or customs and to deprive **PLAINTIFF** of his constitutional rights under Title 10 of the New Jersey Statutes, known as the New Jersey Civil Rights Act. More specifically, the above defendants failed to conduct proper arrest protocols which would have led to the discovery of the fraudulent identification directly leading to **PLAINTIFF'S** unlawful arrest, incarceration, and extradition to New Jersey.

71. At all relevant times herein **SYLVESTER**, by stealing and then producing **PLAINTIFF'S** identity at the January 3, 2007, traffic stop, led to a constitutional tort under Title 10 against **PLAINTIFF** by virtue of his wrongful arrest, incarceration and extradition to New Jersey.

72. By reason of the foregoing, the above defendants violated the civil rights of **PLAINTIFF** under Title 10.

73. By reason of the foregoing, and as a direct and proximate result of defendants' constitutional violations, **PLAINTIFF** sustained serious, painful, severe, and permanent personal injuries, emotional anguish, pecuniary losses, and other damages.

**WHEREFORE, PLAINTIFF** demands judgment against defendants, **ESSEX COUNTY, ESSEX COUNTY SHERIFF'S OFFICE, PENTIMONE, SYLVESTER, JOHN DOE I-X** and **ABC CORP. I-X** jointly and severally for compensatory damages, medical and legal bills, together with interest and costs of suit and attorneys' fees and such other and further relief as the District Court deems just.

                **DARIO, ALBERT, METZ, EYERMAN, CANDA, CONCANNON, ORTIZ & KROUSE**
                Attorneys for Plaintiff
                **OMAR SULLIVAN**

        By:   /s/ Patrick M. Metz
                **PATRICK M. METZ, ESQ.**

Dated: July 22, 2021

## DEMAND FOR TRIAL BY JURY

**Plaintiff**, **OMAR SULLIVAN,** hereby demands trial by jury as to all issues raised in the Complaint.

                **DARIO, ALBERT, METZ, EYERMAN, CANDA, CONCANNON, ORTIZ & KROUSE**
                Attorneys for Plaintiff(s)
                **OMAR SULLIVAN**

        By:   /s/ Patrick M. Metz
                **PATRICK M. METZ, ESQ.**

Dated: July 22, 2021

## CERTIFICATION

I certify that the matter in controversy is not the subject of any other action or of a pending arbitration proceeding and that no other action or arbitration proceeding is contemplated. I know of no other parties who should be joined in this action.

                **DARIO, ALBERT, METZ, EYERMAN, CANDA, CONCANNON, ORTIZ & KROUSE**
                Attorneys for Plaintiff
                **OMAR SULLIVAN**

        By:   /s/ Patrick M. Metz
                **PATRICK M. METZ, ESQ.**

Dated: July 22, 2021

**DEMAND FOR ANSWERS TO INTERROGATORIES**

Pursuant to Rule 4:17-l(b), the Plaintiff hereby demands that the Defendants provide answers to Interrogatories set forth in Form C in the Appendix II of Rules Governing the Courts of the State of New Jersey as well as special interrogatories to be served no later than 45 days from the date herein.

                                                                                        **DARIO, ALBERT, METZ, EYERMAN,**
                                                                                        **CANDA, CONCANNON, ORTIZ & KROUSE**
                                                                                        **Attorneys for Plaintiff**
                                                                                        **OMAR SULLIVAN**

                                                              **By:**    */s/ Patrick M. Metz*
                                                                                **PATRICK M. METZ, ESQ.**

Dated: July 22, 2021

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to Rule 4:25-4, Patrick M. Metz, Esq. is hereby designated as trial counsel in the within matter.

                                                                         **DARIO, ALBERT, METZ, EYERMAN,**
                                                                         **CANDA, CONCANNON, ORTIZ & KROUSE**
                                                                         **Attorneys for Plaintiff**
                                                                         **OMAR SULLIVAN**

                                                              **By:**    */s/ Patrick M. Metz*
                                                                               **PATRICK M. METZ, ESQ.**

Dated: July 22, 2020